



# F I L E D

MAR 2 7 2008 NH

MICHAEL W. DOBBINS

### UNITED STATES DISTRICT COURT
CLERK, U.S. DISTRICT COURT

## FOR THE DISTRICT OF COLORADO
#### OFFICE OF THE CLERK

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294
Phone(303) 844-3433
www.cod.uscourts.gov

March 19, 2008

Michael Dobbins
Everett McKinley Dirksen
United States Courthouse, 20th Floor
219 South Dearborn Street
Chicago, IL 60604

08CV1793
JUDGE MORAN
MAGISTRATE JUDGE ASHMAN

Re: 01-cv-02313-JLK, *GLN Compliance, Inc., v. United Airlines, Inc., et al.*

Dear Clerk:

The above numbered case's counterclaim has been ordered transferred to your district pursuant to an Order of this court.

Enclosed please find a certified copy of the order and docket sheet. You may access electronically filed documents in this case at our ECF/PACER web address http://ecf.cod.uscourt.gov. Any documents not available electronically are enclosed in paper format.

Please acknowledge receipt by returning a copy of this letter noting the case number in your court in the enclosed envelope.

Thank you for your cooperation in this matter.

Sincerely,

Gregory C. Langham, Clerk

By: s/ *Valeri P. Barnes*
    Deputy Clerk

Enclosures
CERTIFIED MAIL - 7007 1490 0001 4778 6735

REOPEN

## U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:01-cv-02313-JLK

GLN Compliance, Inc. v. Ross
Assigned to: Judge John L. Kane
Demand: $0
Case in other court: Dist Ct Araphaoe Cty, 01CV2999
Cause: 28:1441 Petition for Removal- Breach of Contract

Date Filed: 11/30/2001
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**GLN Compliance, Inc.**

represented by  **Jeffrey Richard Edelman**
Jeffrey R. Edelman, P.C.
18801 East Mainstreet
#290
Parker, CO 80134
720-851-8440
Fax: 720-851-5874
Email: jredel@earthlink.net
*TERMINATED: 09/15/2004*
*LEAD ATTORNEY*

**Jerre William Dixon**
Dixon & Snow, P.C.
425 South Cherry Street
#1000
Denver, CO 80246-1236
303-394-2200
Fax: 303-394-2340
Email: dixsno@aol.com
*TERMINATED: 03/07/2002*
*LEAD ATTORNEY*

**Paula M. Ray**
Paula M. Ray, P.C.
1801 Broadway
#1100
Denver, CO 80202-3839
303-292-0110
Email: paulamray@earthlink.net
*TERMINATED: 10/09/2002*
*LEAD ATTORNEY*

**Richard Otto Schroeder**

FILED

MAR 27 2008  NH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08CV1793
JUDGE MORAN
MAGISTRATE JUDGE ASHMAN

Richard O. Schroeder, PC
8191 Southpark Lane
#211
Littleton, CO 80120
303-683-3691
Fax: 683-4493
Email: rs_law@att.net
*TERMINATED: 05/25/2007*
*LEAD ATTORNEY*

**Daniel Adam Wartell**
Starrs, Mihm & Caschette, LLP
707 17th Street
#2600
Denver, CO 80202
303-592-5900
Fax: 303-592-5910
Email: daniel.wartell@starrslaw.com

**Elizabeth A. Starrs**
Starrs, Mihm & Caschette, LLP
707 17th Street
#2600
Denver, CO 80202
303-592-5900
Fax: 303-592-5910
Email: estarrs@starrslaw.com

V.

**Defendant**

**United Airlines, Inc.**
*TERMINATED: 10/16/2007*
*doing business as*
United Biz Jet Holdings
*TERMINATED: 10/16/2007*
*doing business as*
Biz Jet Charters, Inc.
*TERMINATED: 10/16/2007*
*doing business as*
Biz Jet Services, Inc.
*TERMINATED: 10/16/2007*

represented by **Mark Todd Barnes**
Brownstein Hyatt Farber Schreck, LLP
410 17th Street
#2200
Denver, CO 80202-4437
303-223-1100
Fax: 303-223-1111
Email: mbarnes@bhfs.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Sundstrom**
Nyemaster, Goode, West, Hansell &
O'Brien, P.C.
700 Walnut Street
#1600
Des Moines, IA 50309-3899
515-283-3100
Fax: 283-3108

Email: sasundstrom@nyemaster.com
*LEAD ATTORNEY*

**Stephen D. Gurr**
Kamlet Shepherd & Reichert, LLP
1515 Arapahoe Street
Tower 1
#1600
Denver, CO 80202
303-825-4200
Email: sgurr@ksrlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jonathan Ross**                    represented by **Mark Todd Barnes**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Scott Sundstrom**
                                     (See above for address)
                                     *LEAD ATTORNEY*

                                     **Stephen D. Gurr**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Amy Elizabeth Arlander**
                                     Kamlet Shepherd & Reichert, LLP
                                     1515 Arapahoe Street
                                     Tower 1
                                     #1600
                                     Denver, CO 80202
                                     303-825-4200
                                     Email: aarlander@ksrlaw.com
                                     *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**United Airlines, Inc.**              represented by **Mark Todd Barnes**
*TERMINATED: 03/18/2008*                              (See above for address)
*doing business as*                                   *LEAD ATTORNEY*
United Biz Jet Holdings                               *ATTORNEY TO BE NOTICED*
*TERMINATED: 03/18/2008*
*doing business as*
Biz Jet Charters, Inc.                                **Scott Sundstrom**
*TERMINATED: 03/18/2008*                              (See above for address)
*doing business as*                                   *LEAD ATTORNEY*
Biz Jet Services, Inc.
*TERMINATED: 03/18/2008*

V.

**Counter Defendant**

**GLN Compliance, Inc.**
*TERMINATED: 03/18/2008*

represented by **Jerre William Dixon**
(See above for address)
*TERMINATED: 03/07/2002*
*LEAD ATTORNEY*

**Paula M. Ray**
(See above for address)
*TERMINATED: 10/09/2002*
*LEAD ATTORNEY*

**Daniel Adam Wartell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Starrs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

**Jonathan Ross**

represented by **Mark Todd Barnes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Sundstrom**
(See above for address)
*LEAD ATTORNEY*

**Stephen D. Gurr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy Elizabeth Arlander**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**ThirdParty Defendant**

**Gerald Naekel**

represented by **Elizabeth A. Starrs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Jonathan Ross**                    represented by **Mark Todd Barnes**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Scott Sundstrom**
                                     (See above for address)
                                     *LEAD ATTORNEY*

                                     **Stephen D. Gurr**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Amy Elizabeth Arlander**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**GLN Compliance, Inc.**             represented by **Jeffrey Richard Edelman**
                                     (See above for address)
                                     *TERMINATED: 09/15/2004*
                                     *LEAD ATTORNEY*

                                     **Jerre William Dixon**
                                     (See above for address)
                                     *TERMINATED: 03/07/2002*
                                     *LEAD ATTORNEY*

                                     **Paula M. Ray**
                                     (See above for address)
                                     *TERMINATED: 10/09/2002*
                                     *LEAD ATTORNEY*

                                     **Richard Otto Schroeder**
                                     (See above for address)
                                     *TERMINATED: 05/25/2007*
                                     *LEAD ATTORNEY*

                                     **Daniel Adam Wartell**
                                     (See above for address)

                                     **Elizabeth A. Starrs**
                                     (See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
|  |  |  |

| 11/30/2001 | 1 | NOTICE OF REMOVAL from District Court, Arapahoe County Case Number: 01CV2999 (gms) (Entered: 12/03/2001) |
|---|---|---|
| 11/30/2001 | | COMPLAINT (Summons(es) issued); jury demand (gms) (Entered: 12/03/2001) |
| 11/30/2001 | | FILING FEE PAID: on 11/30/01 in the amount of $ 150.00, receipt # 230742. (gms) (Entered: 12/03/2001) |
| 12/07/2001 | 2 | Ex Parte MOTION by defendant United Airlines Inc to extend time to respond to complaint to 12/27/01 (former empl) (Entered: 12/10/2001) |
| 12/10/2001 | 3 | MINUTE ORDER : by Judge John L. Kane granting motion to extend time to respond to complaint to 12/27/01 [2-1] (cc: all counsel) ; entry date : 12/11/01 (former empl) (Entered: 12/11/2001) |
| 12/27/2001 | 4 | ANSWER to complaint [0-1] and COUNTERCLAIM; jury demand by defendant United Airlines Inc against plaintiff GLN Compliance, Inc. (former empl) (Entered: 12/28/2001) |
| 01/02/2002 | 5 | MINUTE ORDER : by Judge John L. Kane ; rule 16 conference set for 2:00 1/16/02, w/Stip Sched Order due 1/10/02 (cc: all counsel) ; entry date : 1/2/02 (former empl) (Entered: 01/02/2002) |
| 01/08/2002 | 6 | REPLY TO COUNTERCLAIM [4-2] by counter-defendant (former empl) (Entered: 01/08/2002) |
| 01/16/2002 | 7 | SCHEDULING AND DISCOVERY ORDER Judge John L. Kane ; Discovery cutoff 11/29/02 ;dispositive motions due 12/30/02 (cc: all counsel) (former empl) (Entered: 01/16/2002) |
| 01/16/2002 | 8 | COURTROOM MINUTES by Judge John L. Kane ; rule 16 conf held on 1/16/02 ; entry date : 1/17/02 Court Reporter: A. Whitlow (former empl) (Entered: 01/17/2002) |
| 01/24/2002 | 9 | RETURN OF SERVICE of Summons and Complaint upon defendant Jonathan Ross on 1/12/02 (former empl) (Entered: 01/24/2002) |
| 03/05/2002 | 10 | MOTION by Jerre W. Dixon, Esq., cnsl for plaintiff and counter-defendant to withdraw attorney (former empl) (Entered: 03/06/2002) |
| 03/07/2002 | 11 | MINUTE ORDER : by Judge John L. Kane granting motion to withdraw attorney [10-1] attorney Jerre W. Dixon for GLN Compliance, Inc., attorney Jerre W. Dixon for GLN Compliance, Inc. (cc: all counsel) ; entry date : 3/8/02 (former empl) (Entered: 03/08/2002) |
| 03/12/2002 | 12 | ATTORNEY APPEARANCE for plaintiff, counter-defendant by Paula M. Ray (former empl) (Entered: 03/12/2002) |
| 04/29/2002 | 13 | JOINT MOTION by plaintiff GLN Compliance, Inc., defendant United Airlines Inc to amend schedule order [7-1] (former empl) (Entered: 04/30/2002) |
| 04/30/2002 | 14 | MINUTE ORDER : by Judge John L. Kane granting motion to amend schedule order [7-1] [13-1]; ddl for amendment of pleadings is 8/1/02 |

| | | (cc: all counsel) ; entry date : 5/1/02 (former empl) (Entered: 05/01/2002) |
|---|---|---|
| 05/07/2002 | 15 | RETURN OF SERVICE of Summons and Complaint upon defendant Jonathan Ross on 4/28/02 (former empl) (Entered: 05/08/2002) |
| 05/20/2002 | 16 | MOTION by defendant Jonathan Ross to dismiss claims (former empl) (Entered: 05/21/2002) |
| 05/29/2002 | 17 | NOTICE of Change of Address and Telephone Number of Paula M. Ray, Esq. cnsl for plaintiff (former empl) (Entered: 05/29/2002) |
| 06/03/2002 | 18 | MINUTE ORDER : by Judge John L. Kane ; rule 16 conference set for 10:00 7/22/02, Stip Sched Order due 7/15/02 (cc: all counsel) ; entry date : 6/4/02 (former empl) (Entered: 06/04/2002) |
| 06/04/2002 | 19 | MINUTE ORDER : by Judge John L. Kane setting hearing on motion to dismiss claims [16-1] 10:00 7/22/02 regarding [18-2] minute order not a rule 16 conf on 7/22/02 @ 10:00 a.m. (cc: all counsel) ; entry date : 6/5/02 (former empl) (Entered: 06/05/2002) |
| 06/06/2002 | 20 | RESPONSE by plaintiff to motion to dismiss claims [16-1] (former empl) (Entered: 06/06/2002) |
| 06/21/2002 | 21 | ATTORNEY APPEARANCE for defendants by Scott Sundstrom (former empl) (Entered: 06/24/2002) |
| 06/21/2002 | 22 | REPLY by defendant Jonathan Ross to response to motion to dismiss claims [16-1] against Jonathan Ross (former empl) (Entered: 06/24/2002) |
| 07/12/2002 | 23 | MINUTE ORDER : by Judge John L. Kane vacating 7/22/02 hearing and resetting hearing on motion to dismiss claims [16-1] 10:00 7/29/02 (cc: all counsel) ; entry date : 7/12/02 (former empl) (Entered: 07/12/2002) |
| 07/29/2002 | 24 | COURTROOM MINUTES by Judge John L. Kane denying motion to dismiss claims [16-1] ; entry date : 7/29/02 Court Reporter: A. Whitlow (former empl) (Entered: 07/29/2002) |
| 08/01/2002 | 25 | MOTION by plaintiff to amend complaint [0-1] (former empl) (Entered: 08/02/2002) |
| 08/01/2002 | | Tendered First Amended Complaint submitted by plaintiff re: motion to amend complaint [0-1] [25-1] (former empl) (Entered: 08/02/2002) |
| 08/01/2002 | 26 | MOTION by defendant United Airlines Inc to amend answer answer [4-1] and counterclaims [4-2] (RETURNED TO CNSL PER 8/7/02 MINUTE ORDER) (former empl) Modified on 08/08/2002 (Entered: 08/02/2002) |
| 08/01/2002 | | Tendered Amended Ans & Counterclaims submitted by defendant United Airlines Inc re: motion to amend answer answer [4-1] and counterclaims [4-2] [26-1] (RETURNED TO CNSL PER 8/7/02 MINUTE ORDER) (former empl) Modified on 08/08/2002 (Entered: 08/02/2002) |
| 08/02/2002 | 27 | MOTION by defendant United Airlines Inc to withdraw motion to amend answer answer [4-1] and counterclaims [4-2] [26-1] (former empl) |

| | | (Entered: 08/05/2002) |
|---|---|---|
| 08/02/2002 | 28 | MINUTE ORDER : by Judge John L. Kane granting motion to amend complaint [0-1] [25-1] (cc: all counsel) ; entry date : 8/5/02 (former empl) (Entered: 08/05/2002) |
| 08/02/2002 | 29 | FIRST AMENDED COMPLAINT [0-1] by plaintiff; jury demand (former empl) (Entered: 08/05/2002) |
| 08/05/2002 | 30 | MINUTE ORDER : by Judge John L. Kane denying motion to withdraw motion to amend answer answer [4-1] and counterclaims [26-1] [27-1] w/leave to re-file; the attempt to comply w/LCivR 7.1 A is inadequate (cc: all counsel) ; entry date : 8/6/02 (former empl) (Entered: 08/06/2002) |
| 08/06/2002 | 31 | MOTION by defendant United Airlines Inc to withdraw motion to amend answer [4-1] and counterclaims [4-2] [26-1] (former empl) (Entered: 08/07/2002) |
| 08/07/2002 | 32 | MINUTE ORDER : by Judge John L. Kane granting motion to withdraw motion to amend answer and counterclaims [4-2] [26-1] [31-1] withdrawing motion to amend answer answer [4-1] and counterclaims [4-2] [26-1] (cc: all counsel) ; entry date : 8/8/02 (DOCKET ITEM NO. 26 & THE TENDERED AMD ANS AND CNTRCLMS WAS RETURNED TO CNSL) (former empl) Modified on 08/08/2002 (Entered: 08/08/2002) |
| 08/12/2002 | 33 | ANSWER to first amended complaint [29-1] and COUNTERCLAIM; jury demand by defendant United Airlines Inc against plaintiff (former empl) (Entered: 08/13/2002) |
| 08/13/2002 | 34 | RECEIPT for Pleadings by Mark T. Barnes, Esq. of doc. item 26 and tendered Amended Answer and Counterlcaims (former empl) (Entered: 08/14/2002) |
| 09/24/2002 | 35 | REPLY TO COUNTERCLAIM [33-2] by counter-defendant GLN Compliance, Inc. (former empl) (Entered: 09/25/2002) |
| 09/25/2002 | 36 | WAIVER OF SERVICE of Summons and Complaint by defendant Jonathan Ross on 9/24/02 (former empl) (Entered: 09/25/2002) |
| 10/07/2002 | 37 | MOTION by defendant to compel (former empl) (Entered: 10/08/2002) |
| 10/08/2002 | 38 | MINUTE ORDER : by Judge John L. Kane regarding [37-1] United's motion to compel, pla to respond by 10/28/02 (cc: all counsel) ; entry date : 10/9/02 (dlb) (Entered: 10/09/2002) |
| 10/08/2002 | 39 | MOTION by plaintiff GLN Compliance, Inc., counter-defendant GLN Compliance, Inc. to withdraw attorney Paula M. Ray of Ray & Westfall, LLC (dlb) (Entered: 10/09/2002) |
| 10/08/2002 | 40 | NOTICE by plaintiff GLN Compliance, Inc., counter-defendant GLN Compliance, Inc. re: motion to withdraw attorney Paula M. Ray of Ray & Westfall, LLC [39-1] (dlb) (Entered: 10/09/2002) |
| 10/09/2002 | 41 | ORDER by Judge John L. Kane granting motion to withdraw attorney |

| | | |
|---|---|---|
| | | Paula M. Ray of Ray & Westfall, LLC [39-1] attorney Paula M. Ray for GLN Compliance, Inc., attorney Paula M. Ray for GLN Compliance, Inc. (cc: all counsel) ; entry date : 10/10/02 (dlb) (Entered: 10/10/2002) |
| 10/09/2002 | 42 | Ex parte MOTION by defendant Jonathan Ross to extend time to answer extended to: 11/4/02 to pla's 1st amended comp (dlb) (Entered: 10/10/2002) |
| 10/25/2002 | 43 | Letter (MOTION) by plaintiff GLN Compliance, Inc. to extend time 45 days to obtain counsel and resp to dft's discovery request (dlb) (Entered: 10/25/2002) |
| 10/29/2002 | 44 | LETTER to court from plaintiff GLN Compliance, Inc., counter-defendant GLN Compliance, Inc. re: motion to compel [37-1] and requesting special hearing (dlb) (Entered: 10/29/2002) |
| 10/30/2002 | 45 | MINUTE ORDER : by Judge John L. Kane granting motion to extend time 45 days to obtain counsel and resp to dft's discovery request [43-1] all discovery and dispo mtn cutoff dates w/be tolled (cc: all counsel) ; entry date : 10/30/02 (dlb) (Entered: 10/30/2002) |
| 11/07/2002 | 46 | RESPONSE by defendant United Airlines Inc to ex parte (letter) communication [44-1] re: motion to compel [37-1] (dlb) (Entered: 11/08/2002) |
| 11/22/2002 | 47 | MINUTE ORDER : by Judge John L. Kane regarding [44-1] letter and ex parte conference (cc: all counsel) ; entry date : 11/25/02 (dlb) (Entered: 11/25/2002) |
| 12/05/2002 | 48 | Letter (MOTION) by plaintiff GLN Compliance, Inc. to extend time for 45 days to obtain new counsel (dlb) (Entered: 12/05/2002) |
| 12/05/2002 | 49 | MINUTE ORDER : by Judge John L. Kane granting motion to extend time for 45 days to obtain new counsel [48-1] to 1/2/03 to have counsel enter their appearance (cc: all counsel) ; entry date : 12/6/02 (dlb) (Entered: 12/06/2002) |
| 12/13/2002 | 50 | ATTORNEY APPEARANCE for plaintiff GLN Compliance, Inc. by Jeffrey Richard Edelman (dlb) (Entered: 12/16/2002) |
| 12/17/2002 | 51 | NOTICE by defendant United Airlines Inc, counter-claimant United Airlines Inc of filing bankruptcy CASE STAYED as to United Airlines, Inc., USBC Northern District of Illinois, Eastern Division, Case no. 02-48191[51-1] (dlb) Modified on 12/19/2002 (Entered: 12/18/2002) |
| 04/08/2003 | 52 | ORDER by Judge John L. Kane regarding [51-1] stay motion CASE STAYED as to United Airlines, Inc., USBC Northern District of Illinois, Eastern Division, Case no. 02-48191; case is administatively closed, to be reopened upon motion of the parties for further action by this court within 30 days following resolution of the BK proceedings [51-1] terminating case (cc: all counsel) ; entry date : 4/9/03 (dlb) Modified on 04/09/2003 (Entered: 04/09/2003) |
| 04/08/2003 | 52 | ORDER by Judge John L. Kane stay lifted (cc: all counsel) ; entry date : |

| | | 4/9/03 (dlb) (Entered: 04/09/2003) |
|---|---|---|
| 09/14/2004 | 53 | MOTION by plaintiff GLN Compliance, Inc. to withdraw attorney Jeffrey R. Edelman (dlb) (Entered: 09/15/2004) |
| 09/15/2004 | 54 | ORDER by Judge John L. Kane granting motion to withdraw attorney Jeffrey R. Edelman [53-1] attorney Jeffrey Richard Edelman for GLN Compliance, Inc. (cc: all counsel) ; entry date : 9/16/04 (dlb) (Entered: 09/16/2004) |
| 09/20/2004 | 55 | MOTION by defendant Jonathan Ross to substitute attorney Kamlet Shepherd & Reichert LLP for Elzi Gurr & Stacy (dlb) (Entered: 09/20/2004) |
| 09/20/2004 | 56 | Certificate of Compliance by defendant Jonathan Ross re: motion to substitute attorney Kamlet Shepherd & Reichert LLP for Elzi Gurr & Stacy [55-1] (dlb) (Entered: 09/20/2004) |
| 09/21/2004 | 57 | MINUTE ORDER : by Judge John L. Kane denying motion to substitute attorney Kamlet Shepherd & Reichert LLP for Elzi Gurr & Stacy [55-1] (cc: all counsel) ; entry date : 9/22/04 (dlb) (Entered: 09/22/2004) |
| 11/05/2004 | 🌑58 | NOTICE of Appearance by Richard Otto Schroeder on behalf of GLN Compliance, Inc. (dlb, ) (Entered: 11/08/2004) |
| 02/07/2005 | 🌑59 | MOTION for Default Judgment as to defendant Jonathan Ross by Plaintiff GLN Compliance, Inc.. (dlb, ) (Entered: 02/09/2005) |
| 02/08/2005 | 🌑60 | MINUTE ORDER denying 59 MOTION for Default Judgment as to defendant Jonathan Ross by Plaintiff GLN Compliance, Inc; case administratively closed by Judge John L. Kane on 2/8/05. (dlb, ) (Entered: 02/10/2005) |
| 08/08/2005 | 🌑61 | MOTION to Lift Stay *ADMINISTRATIVE* by Plaintiff GLN Compliance, Inc.. (Attachments: # 1 Proposed Order (PDF Only) ORDER TO LIFT ADMINISTRATIVE STAY)(Schroeder, Richard) (Entered: 08/08/2005) |
| 08/09/2005 | 🌑62 | MINUTE ORDER re: 61 MOTION to Lift Stay *ADMINISTRATIVE* by Plaintiff GLN Compliance, Inc. Individual responses due 8/24/05 by Judge John L. Kane on 8/9/05. (dlb, ) (Entered: 08/09/2005) |
| 08/23/2005 | 🌑63 | Unopposed MOTION for Extension of Time to File Response/Reply as to 61 MOTION to Lift Stay *ADMINISTRATIVE* by Defendant United Airlines, Inc.. (Attachments: # 1 Proposed Order (PDF Only))(Barnes, Mark) (Entered: 08/23/2005) |
| 08/23/2005 | 🌑64 | MINUTE ORDER granting to 63 Unopposed MOTION for Extension of Time to File Response to 9/23/05 61 MOTION to Lift Stay *ADMINISTRATIVE* by Defendant United Airlines, Inc. Signed by Judge John L. Kane on 8/23/05. (dlb, ) (Entered: 08/24/2005) |
| 09/23/2005 | 🌑65 | RESPONSE to Motion re 61 MOTION to Lift Stay *ADMINISTRATIVE* filed by Defendant Jonathan Ross. (Attachments: # 1 Exhibit Exhibit A) (Gurr, Stephen) (Entered: 09/23/2005) |
| | | |

| 09/23/2005 | 66 | RESPONSE to Motion re 61 MOTION to Lift Stay *ADMINISTRATIVE* filed by Defendant United Airlines, Inc.. (Attachments: # 1 Exhibit Scheduling Order)(Barnes, Mark) (Modified on 9/26/2005 to indicate terminated, incorrect PDF attached) (dlb, ). (Entered: 09/23/2005) |
| 09/26/2005 | 67 | RESPONSE to Motion re 61 MOTION to Lift Stay *ADMINISTRATIVE* filed by Defendant United Airlines, Inc.. (Attachments: # 1 Exhibit Scheduling Order)(Barnes, Mark) (Entered: 09/26/2005) |
| 09/26/2005 | 68 | Docket Annotation re: 66 RESPONSE to Motion (This entry was modified on 9/26/2005 to indicate terminated, incorrect PDF attached). Text only entry - no document attached. (dlb, ) (Entered: 09/26/2005) |
| 09/26/2005 | 69 | MINUTE ORDER Setting Hearing on Motion 61 MOTION to Lift Administrative Stay by Plaintiff GLN Compliance, Inc. Motion Hearing set for 10/13/2005 09:00 AM in Courtroom A 802 before Judge John L. Kane by Judge John L. Kane on 9/26/05. (dlb, ) (Entered: 09/27/2005) |
| 10/13/2005 | 70 | Minute Entry for proceedings held before Judge John L. Kane : Motion Hearing held on 10/13/2005 re 61 MOTION to Lift Stay ADMINISTRATIVE by Plaintiff GLN is denied. (Court Reporter Darlene Martinez.) (dlb, ) (Entered: 10/13/2005) |
| 10/13/2005 | 71 | ORDER denying 61 MOTION to Lift Stay ADMINISTRATIVE by Plaintiff GLN pursuant to courtroom minutes by Judge John L. Kane on 10/13/05. (dlb, ) (Entered: 10/13/2005) |
| 03/10/2007 | 72 | TRANSCRIPT of Motion to Lift Administrative Stay held on 10/13/05 before Judge Kane. Pages: 1-19. Per statute, copies of transcripts are available for inspection in the clerk's office. Parties interested in a copy may contact the court reporter or, in the case of a transcript prepared from a digital-audio taped record, the courtroom deputy for the judicial officer. (Martinez, Darlene) (Entered: 03/10/2007) |
| 05/24/2007 | 73 | First MOTION to Withdraw *As Attorney For Plaintiff* by Plaintiff GLN Compliance, Inc.. (Attachments: # 1 Exhibit Withdrawal Notification Certificate# 2 Proposed Order (PDF Only) Order Granting Leave To Withdraw As Counsel)(Schroeder, Richard) (Entered: 05/24/2007) |
| 05/24/2007 | 74 | Minute ORDER denying Plaitiff 73 Motion to Withdraw as Attorney for failure to Comply with D.C.COLO.LCivR 7.1A by Judge John L. Kane on 05/24/07.(jjh, ) (Entered: 05/24/2007) |
| 05/25/2007 | 75 | Second MOTION to Withdraw *As Attorney* by Plaintiff GLN Compliance, Inc.. (Attachments: # 1 Exhibit Notification Of Withdrawal# 2 Proposed Order (PDF Only) Order Granting Leave To Withdraw As Counsel)(Schroeder, Richard) (Entered: 05/25/2007) |
| 05/25/2007 | 76 | ORDER granting Plaitiff 75 Motion to Withdraw as Attorney. Richard Schroeder is permitted to withdraw as counsel for Plaintiff. Signed by Judge John L. Kane on 05/25/07.(jjh, ) (Entered: 05/25/2007) |
| 08/24/2007 | 77 | NOTICE of Entry of Appearance by Elizabeth A. Starrs on behalf of GLN Compliance, Inc. (Starrs, Elizabeth) (Entered: 08/24/2007) |

| 08/24/2007 | ●78 | NOTICE of Entry of Appearance by Daniel Adam Wartell on behalf of GLN Compliance, Inc. (Wartell, Daniel) (Entered: 08/24/2007) |
| 08/24/2007 | ●79 | Renewed MOTION to Lift Stay by Plaintiff GLN Compliance, Inc., Counter Defendant GLN Compliance, Inc.. (Attachments: # 1 Proposed Order)(Wartell, Daniel) (Entered: 08/24/2007) |
| 08/29/2007 | ●80 | MINUTE ORDER Defendant shall respond to Plaintiffs Renewed Motion to Lift Stay (doc. #79), by 09/10/07 by Judge John L. Kane on 08/29/07. (jjh, ) (Entered: 08/29/2007) |
| 09/07/2007 | ●81 | Unopposed MOTION for Extension of Time to File Response/Reply as to 79 Renewed MOTION to Lift Stay by Defendants United Airlines, Inc., Jonathan Ross. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order)(Gurr, Stephen) (Entered: 09/07/2007) |
| 09/07/2007 | ●82 | Minute ORDER granting Defendants' Unopposed 81 Motion for Extension of Time to File Response to Plaintiff's Renewed Motion to Lift Stay by 09/20/07 by Judge John L. Kane on 09/07/07.(jjh, ) (Entered: 09/07/2007) |
| 09/20/2007 | ●83 | RESPONSE to Motion re 79 Renewed MOTION to Lift Stay filed by Defendant Jonathan Ross. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Arlander, Amy) (Entered: 09/20/2007) |
| 09/20/2007 | ●84 | RESPONSE to Motion re 79 Renewed MOTION to Lift Stay filed by Defendant United Airlines, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Barnes, Mark) (Entered: 09/20/2007) |
| 10/03/2007 | ●85 | MINUTE ORDER Plaintiff shall reply to the Defendants Responses to Plaintiffs Renewed Motion to Lift Administrative Stay (docs. #83 and #84) by 10/12/07 by Judge John L. Kane on 10/03/07. (jjh, ) (Entered: 10/03/2007) |
| 10/09/2007 | ●86 | REPLY to Response to Motion re 79 Renewed MOTION to Lift Stay filed by Plaintiff GLN Compliance, Inc., Counter Defendant GLN Compliance, Inc.. (Wartell, Daniel) (Entered: 10/09/2007) |
| 10/16/2007 | ●87 | ORDER granting 79 Motion to Lift Stay and Order that (1) GLNs claims against Ross shall proceed in this Court and (2) GLNs claims against United are DISMISSED. Rosss request that GLNs claims be transferred to the bankruptcy court (see Response (Doc. 83) at pp. 3-5) is DENIED. Defendant Ross shall have to 11/01/07, in which to file his answer to GLN's Complaint. Signed by Judge John L. Kane on 10/16/07.(jjhsl, ) (Entered: 10/16/2007) |
| 10/16/2007 | ●88 | Utility Setting/Resetting Deadlines/Hearings: Jonathan Ross answer due 11/1/2007. Text only entry - no document attached. (jjhsl, ) (Entered: 10/16/2007) |
| 11/01/2007 | ●89 | MOTION to Dismiss for Lack of Jurisdiction, MOTION to Dismiss for Lack of Prosecution, MOTION to Dismiss Party, MOTION to Dismiss *for Improper Venue and Motion to Dismiss Outrageous Conduct Claim* by Defendant Jonathan Ross. (Attachments: # 1 Exhibit A)(Arlander, |

| | | |
|---|---|---|
| | | Amy) (Entered: 11/01/2007) |
| 11/02/2007 | ●90 | MINUTE ORDER: Plaintiff shall respond to 89 MOTION to Dismiss, for Improper Venue, et cet. filed by Jonathan Ross on or before 11/21/07. Defendant shall reply on or before 12/3/07, by Judge John L. Kane on 11/2/07. (sss, ) (Entered: 11/05/2007) |
| 11/05/2007 | ●91 | ERRATA re 89 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss for Lack of Prosecution MOTION to Dismiss Party MOTION to Dismiss *for Improper Venue and Motion to Dismiss Outrageous Conduct Claim* by Defendant Jonathan Ross. (Arlander, Amy) (Entered: 11/05/2007) |
| 11/20/2007 | ●92 | RESPONSE to Motion re 89 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss for Lack of Prosecution MOTION to Dismiss Party MOTION to Dismiss *for Improper Venue and Motion to Dismiss Outrageous Conduct Claim* filed by Plaintiff GLN Compliance, Inc., Counter Defendant GLN Compliance, Inc.. (Caschette, Richard) (Entered: 11/20/2007) |
| 11/20/2007 | ●93 | MOTION for Entry of Default as to *Failure To File An Answer* by Plaintiff GLN Compliance, Inc., Counter Defendant GLN Compliance, Inc.. (Caschette, Richard) (Entered: 11/20/2007) |
| 11/20/2007 | ●94 | Docket Annotation re: 92 RESPONSE to Motion re 89 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss for Lack of Prosecution. TERMINATING 93 MOTION for Entry of Default as to Failure To File An Answer by Plaintiff. [Documents to be refiled by Counsel]. Text only entry - no document attached (dln, ) (Entered: 11/20/2007) |
| 11/20/2007 | ●95 | MOTION for Entry of Default as to *Failure To File An Answer* by Plaintiff GLN Compliance, Inc., Counter Defendant GLN Compliance, Inc.. (Wartell, Daniel) (Entered: 11/20/2007) |
| 11/20/2007 | ●96 | RESPONSE to Motion re 89 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss for Lack of Prosecution MOTION to Dismiss Party MOTION to Dismiss *for Improper Venue and Motion to Dismiss Outrageous Conduct Claim* filed by Plaintiff GLN Compliance, Inc., Counter Defendant GLN Compliance, Inc.. (Wartell, Daniel) (Entered: 11/20/2007) |
| 12/03/2007 | ●97 | REPLY to Response to Motion re 89 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss for Lack of Prosecution MOTION to Dismiss Party MOTION to Dismiss *for Improper Venue and Motion to Dismiss Outrageous Conduct Claim* filed by Defendant Jonathan Ross. (Attachments: # 1 Affidavit Ross's Supplemental Affidavit)(Arlander, Amy) (Entered: 12/03/2007) |
| 12/10/2007 | ●98 | RESPONSE to Motion re 95 MOTION for Entry of Default as to *Failure To File An Answer* filed by Defendant Jonathan Ross. (Arlander, Amy) (Entered: 12/10/2007) |
| | | |

| 12/11/2007 | ●99 | ORDER: granting in part and denying in part Defendant Ross's 89 Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue and Motion to Dismiss Outrageous Conduct Claim; denying Plaintiff GLN's 95 Motion for Entry of Default. Defendant Ross shall file his Answer by 12/27/07. Signed by Judge John L. Kane on 12/11/07. (sss, ) (Entered: 12/11/2007) |
|---|---|---|
| 12/11/2007 | ●100 | Utility Setting/Resetting Deadlines/Hearings: Jonathan Ross answer due 12/27/2007 pursuant to order of 12/11/07. Text only entry - no document attached. (sss, ) (Entered: 12/11/2007) |
| 12/27/2007 | ●101 | *Defendant Jonathan Ross's* ANSWER to Complaint *First Amended* 29 , THIRD PARTY COMPLAINT against Gerald Naekel, COUNTERCLAIM against GLN Compliance, Inc. by Jonathan Ross. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I) (Gurr, Stephen) Modified on 12/28/2007 to create document linkage (sss, ). (Entered: 12/27/2007) |
| 12/28/2007 | ●102 | Docket Annotation re: 101 Answer to Complaint, Third Party Complaint, Counterclaim. Docket entry modified to create linkage to amended complaint. Text only entry - no document attached (sss, ) (Entered: 12/28/2007) |
| 01/16/2008 | ●103 | *Plaintiff GLN Compliance and Third Party Defendant Gerald Naekel's* ANSWER to 101 Answer to Complaint, Third Party Complaint, Counterclaim,,, by GLN Compliance, Inc., Gerald Naekel.(Starrs, Elizabeth) (Entered: 01/16/2008) |
| 01/30/2008 | ●104 | MINUTE ORDER: Scheduling Conference set for 2/26/2008 10:00 AM in Courtroom A 802 before Judge John L. Kane, by Judge John L. Kane on 1/30/08. (Attachments: # 1 Attachment - Pretrial and Trial Procedures) (sss, ) (Entered: 01/30/2008) |
| 02/22/2008 | ●105 | Proposed Scheduling Order by Plaintiff GLN Compliance, Inc., Defendants United Airlines, Inc., Jonathan Ross, ThirdParty Plaintiff Jonathan Ross, ThirdParty Defendant Gerald Naekel, Counter Claimants Jonathan Ross, United Airlines, Inc., Counter Defendants GLN Compliance, Inc., GLN Compliance, Inc.. (Wartell, Daniel) (Entered: 02/22/2008) |
| 02/26/2008 | ●106 | STIPULATED SCHEDULING AND DISCOVERY ORDER: Discovery due by 1/16/2009. Dispositive Motions due by 2/16/2009. Anticipated 2-day bench trial. Signed by Judge John L. Kane on 2/26/08. (sss, ) (Entered: 02/26/2008) |
| 02/26/2008 | ●107 | Minute Entry for proceedings held before Judge John L. Kane: Scheduling Conference held on 2/26/2008. ORDERED: Daubert motions due by 9/18/08. ORDERED: Scheduling Order is approved. (Court Reporter Janet Coppock.) (sss, ) (Entered: 02/27/2008) |
| 03/17/2008 | ●108 | MOTION to Transfer Case *Counterclaim to Northern District of Illinois* by Defendant United Airlines, Inc.. (Attachments: # 1 Proposed Order |

| | | (PDF Only))(Barnes, Mark) (Entered: 03/17/2008) |
|---|---|---|
| 03/18/2008 | ❶109 | ORDER granting 108 Motion to Transfer Counterclaim to Northern District of Illinois. United Airlines, Inc.'s Counterclaim is transferred to the District Court for the Northern District of Illinois, for reference to the Bankruptcy Court. Signed by Judge John L. Kane on 3/18/08.(sss, ) (Entered: 03/18/2008) |

, the undersigned, Clerk of the
United States District Court for the
District of Colorado, do certify that
the foregoing is a true copy of an
original document remaining on file
and record in my office.
WITNESS my hand and SEAL of said
Court this 18 day of MARCH 2008

GREGORY C. LANGHAM

By _____

Deputy

**FILED**

MAR 2-7 2008    NF,

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-2313-JLK

GLN COMPLIANCE, INC.,

08CV1793
JUDGE MORAN
MAGISTRATE JUDGE  ASHMAN

Plaintiff,

v.

UNITED AIRLINES, INC., d/b/a UNITED BIZJET HOLDINGS, BIZJET CHARTERS, INC. and
BIZJET SERVICES, INC.; and JONATHAN ROSS,

Defendants.

---

## ORDER GRANTING MOTION TO TRANSFER COUNTERCLAIM TO NORTHERN DISTRICT OF ILLINOIS

---

THIS MATTER is before the Court on the Motion to Transfer Counterclaim to Northern

District of Illinois (Docket No. 108), filed March 17, 2008. Upon review of the Motion and the file,

the Court finds that sufficient grounds exist for granting the relief requested. Accordingly,

IT IS ORDERED that United Airlines, Inc.'s Counterclaim is transferred to the District Court

for the Northern District of Illinois, for reference to the Bankruptcy Court.

DATED:  March 18, 2008

BY THE COURT:

*S/John L. Kane*
United States District Court Judge

I, the undersigned, Clerk of the
United States District Court for the
District of Colorado, do certify that
the foregoing is a true  copy  of an
original document remaining on file
and record in my office.
WITNESS my hand and SEAL of said
Court this 18 day of MARCH 2008
GREGORY C. LANGHAM
By _____
                          Deputy

K5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2002 AUG 12  PM 2:48

JAMES R. MANSPEAKER
CLERK

_____DEP. CLK

Civil Action No. 01-K-2313

GLN COMPLIANCE, INC.,      **08CV1793**

          Plaintiff,      **JUDGE MORAN
          MAGISTRATE JUDGE  ASHMAN**

v.

UNITED AIRLINES, INC., d/b/a UNITED BIZ JET HOLDINGS, BIZ JET CHARTERS, INC.
and BIZ JET SERVICES, INC.; and JONATHAN ROSS,

          Defendants.

---

## UNITED'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

---

United Air Lines, Inc., d/b/a United Biz Jet Holdings, Biz Jet Charter, Inc., and Biz Jet

Services, Inc., ("United"), by and through counsel, Brownstein Hyatt & Farber, P.C., files this

Answer to First Amended Complaint and Counterclaim, and states as follows:

### I.  PARTIES

1.      United is without sufficient information to form a belief as to the truth or falsity

of the allegations contained in paragraph 1 of Plaintiff's Amended Complaint and therefore

denies them.

2.      United admits that United Air Lines, Inc. is a Delaware corporation.   United

denies the remaining allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3.      United is without sufficient information to form a belief as to the truth or falsity

of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint and therefore

denies them.

4.     United admits that United Biz Jet Holdings, Inc., Biz Jet Charter, Inc., and Biz Jet Services, Inc. are all Delaware corporations. United affirmatively states that United Biz Jet Holdings, Inc. is a wholly owned subsidiary of United's parent, UAL Corp. United further affirmatively states that Biz Jet Charter, Inc. and Biz Jet Services, Inc. are wholly owned subsidiaries of United Biz Jet Holdings, Inc. United denies the remaining allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

## II.   VENUE AND JURISDICTION

5.     Paragraph 5 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that the paragraph is construed to require a response, however, United admits that venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending. United is without information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5 of Plaintiff's Amended Complaint and therefore denies them.

## III.   GENERAL ALLEGATIONS

6.     United admits that Plaintiff purports to engage in the aviation certification industry. United is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.     United admits that it entered into a contract whereby Plaintiff was to provide goods and services to obtain Part 135 certification and compliant manuals. United states that the document speaks for itself. To the extent the allegations contained in paragraph 7 of Plaintiff's Amended Complaint can be construed as inconsistent with that document, United denies them.

8.     United admits that on or about March 28, 2001, the parties amended the contract to add provisions regarding additional responsibilities for Plaintiff regarding Part 121 and 135

certifications. United states that the document speaks for itself. To the extent the allegations contained in paragraph 8 of Plaintiff's Amended Complaint can be construed as inconsistent with that document, United denies them.

9. United states that the documents speak for themselves. To the extent the allegations contained in paragraph 9 of Plaintiff's Amended Complaint can be construed as inconsistent with the documents, United denies them.

10. United states that the documents speak for themselves. To the extent the allegations contained in paragraph 10 of Plaintiff's Amended Complaint can be construed as inconsistent with the documents, United denies them.

11. United admits that on or before June 30, 2001, United terminated Plaintiff's services with respect to Part 121 certification. United states that the document speaks for itself. To the extent the allegations contained in paragraph 11 of Plaintiff's Amended Complaint can be construed as inconsistent with that document, United denies them.

12. United admits that on or about July 10, 2001, it sent a letter to the FAA regarding the certification process. United states that the document speaks for itself. To the extent the allegations contained in paragraph 12 of Plaintiff's Amended Complaint can be construed as inconsistent with that document, United denies them.

13. United denies the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14. United denies the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15. United denies the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16. United denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. United denies the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18. United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Plaintiff's Amended Complaint and therefore denies them.

19. Paragraph 19 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that the paragraph is construed to require a response, however, United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Plaintiff's Amended Complaint and therefore denies them.

20. United denies that Jonathan Ross became an employee of one or more of the defendants. United is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 20, including subparts, of Plaintiff's Amended Complaint and therefore denies them.

21. To the extent allegations in paragraph 21 of Plaintiff's Amended Complaint deal with United Air Lines, Inc., d/b/a United Biz Jet Holdings, Biz Jet Charters, Inc., and Biz Jet Services, and/or David Hobgood, Thomas Davis, and/or Richard Wright, United denies the allegations contained in paragraph 21, including subparts, of Plaintiff's Amended Complaint. To the extent the allegations in paragraph 21, including subparts, of Plaintiff's Amended Complaint deal with Jonathan Ross, Robert James Davidson, and/or Robert Roland, United is without

4

sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 21, including subparts, of Plaintiff's Amended Complaint, and therefore denies them.

22.    United denies that it was part of any wrongful conspiracy regarding Plaintiff and denies that it engaged in any acts, overt or otherwise, in furtherance of any such conspiracy:

a.    United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in subparagraph 20.a. of Plaintiff's Amended Complaint and therefore denies them.

b.    United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in subparagraph 20.b. of Plaintiff's Amended Complaint and therefore denies them.

c.    United admits that on or about July 15, 2002, Robert James Davidson, then an employee of GLN, traveled to Las Vegas, Nevada.    United denies the remaining allegations in subparagraph 20.c. of Plaintiff's Amended Complaint.

d.    United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in subparagraph 20.d. of Plaintiff's Amended Complaint and therefore denies them.

e.    United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in subparagraph 20.e. of Plaintiff's Amended Complaint and therefore denies them.

f.    United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in subparagraph 20.f. of Plaintiff's Amended Complaint and therefore denies them.

g.     United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in subparagraph 20.g. of Plaintiff's Amended Complaint and therefore denies them.

h.     United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in subparagraph 20.h. of Plaintiff's Amended Complaint and therefore denies them.

i.     United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in subparagraph 20.i. of Plaintiff's Amended Complaint and therefore denies them.

j.     United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in subparagraph 20.j. of Plaintiff's Amended Complaint and therefore denies them.

k.     United denies that on or about July 30, 2001, "Biz Jet" entered into an Agreement for Services with Ross. United admits that on or about September 25, 2001, United BizJet Holdings, Inc. entered into an Agreement for Services with Ross. United states that the document speaks for itself. To the extent the allegations contained in subparagraph 20.k. of Plaintiff's Amended Complaint can be construed as inconsistent with the document, United denies them.

l.     United denies that "BizJet" entered into an Agreement for Services with Robert J. Davidson on July 18, 2001. United affirmatively states that United BizJet Holdings, Inc. entered into an Agreement for Services with Robert J. Davidson on July 19, 2001. United admits that on or about September 18, 2001, United BizJet Holdings, Inc. entered into an Addendum to an Agreement for Services with Robert J. Davidson. United states that the

document speaks for itself. To the extent the allegations contained in subparagraph 20.l. of Plaintiff's Amended Complaint can be construed as inconsistent with the document, United denies them.

m.       United denies that on or about July 20, 2001, "Biz Jet" entered into an Agreement for Services with Robert C. Rowland. United admits that on or about October 4, 2001, United BizJet Holdings, Inc. entered into an Agreement for Services with Robert C. Rowland. United states that the document speaks for itself. To the extent the allegations contained in subparagraph 20.m. of Plaintiff's Amended Complaint can be construed as inconsistent with the document, United denies them.

United denies the remaining allegations in paragraph 22, including subparts, not specifically admitted herein.

## IV.   FIRST CLAIM FOR RELIEF
## (Breach of Contract – UAL and Biz Jet)

23.       United incorporates its above responses in response to paragraph 23 of Plaintiff's Amended Complaint.

24.       United admits that United entered into a contract with Plaintiff to pay Plaintiff for certain goods and services. United denies the remaining allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25.       United denies the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26.       United denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27.    United denies the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

### V.    SECOND CLAIM FOR RELIEF
### (*Quantum Meruit*/Unjust Enrichment – UAL and Biz Jet Charter, Inc.)

28.    United incorporates its above responses in response to paragraph 28 of Plaintiff's Amended Complaint.

29.    United admits that it had contractual responsibilities to GLN under the contract. United denies the remaining allegations in paragraph 29 of Plaintiff's Amended Complaint.

30.    United states that the July 19, 2001 letter speaks for itself.  To the extent the allegations contained in paragraph 30 of Plaintiff's Amended Complaint can be construed as inconsistent with that document, United denies them.

31.    United states that the July 10, 2001 letter speaks for itself.  To the extent the allegations contained in paragraph 31 of Plaintiff's Amended Complaint can be construed as inconsistent with that document, United denies them.

32.    United denies the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33.    United denies the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

34.    United denies the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35.    United denies the allegations contained in paragraph 35 of Plaintiff's Amended Complaint.

## VI.   THIRD CLAIM FOR RELIEF
### (Civil Theft – UAL, Biz Jet Charters and Jonathan Ross)

36.    United incorporates its above responses in response to paragraph 36 of Plaintiff's Amended Complaint.

37.    United denies the allegations contained in paragraph 37 of Plaintiff's Amended Complaint.

## VII.   FOURTH CLAIM FOR RELIEF
### (Civil Conspiracy – UAL, Biz Jet Charters and Jonathan Ross)

38.    United incorporates its above responses in response to paragraph 38 of Plaintiff's Amended Complaint.

39.    United denies the allegations contained in paragraph 39 of Plaintiff's Amended Complaint.

40.    United denies the allegations contained in paragraph 40, including subparts, of Plaintiff's Amended Complaint.

41.    United denies the allegations contained in paragraph 41 of Plaintiff's Amended Complaint.

42.    United denies the allegations contained in paragraph 42 of Plaintiff's Amended Complaint.

43.    United denies the allegations contained in paragraph 43 of Plaintiff's Amended Complaint.

## VIII.   FIFTH CLAIM FOR RELIEF
### (Outrageous Conduct – Jonathan Ross)

44.    United incorporates its above responses in response to paragraph 44 of Plaintiff's Amended Complaint.

45.    United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of Plaintiff's Amended Complaint and therefore denies them.

46.    United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of Plaintiff's Amended Complaint and therefore denies them.

47.    United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of Plaintiff's Amended Complaint and therefore denies them.

## IX.   SIXTH CLAIM FOR RELIEF
### (Tortious Interference – Jonathan Ross)

48.    United incorporates its above responses in response to paragraph 48 of Plaintiff's Amended Complaint.

49.    United is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of Plaintiff's Amended Complaint and therefore denies them.

50.    United denies the allegations contained in paragraph 50 of Plaintiff's Amended Complaint.

51.    United denies the allegations contained in paragraph 51 of Plaintiff's Amended Complaint.

United denies all allegations in Plaintiff's Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state any claim against United upon which relief can be granted.

2.     Plaintiff's claims against United are barred, limited, or reduced, or their recoverable damages are barred, limited, or reduced, by Plaintiff's failure to perform its contract obligations.

3.     Plaintiff's claims against United are barred, limited, or reduced, or their recoverable damages are barred, limited, or reduced by the failure of a condition precedent.

4.     Plaintiff's claims against United are barred, in whole or in part, under the doctrine of accord and satisfaction.

5.     Plaintiff's claims against United are barred, in whole or in part, by the doctrine of unclean hands.

6.     Plaintiff's claims against United are barred, in whole or in part, because the injuries suffered or damage claimed by Plaintiff are caused by the negligence, breaches of contract, or other breaches of duty or wrongful conduct of third parties over whom or for whom United had no control or responsibility.

7.     Plaintiff's claims against United are barred, in whole or in part, by the doctrines of waiver, release, and estoppel.

8.     Plaintiff's claims against United are barred, in whole or in part, by Plaintiff's failure to mitigate any damages suffered or incurred.

9.     Plaintiff's claims against United are barred, in whole or in part, because United is entitled to setoff for amounts owed to United by Plaintiff.

## COUNTERCLAIM

### FIRST COUNTERCLAIM
### (Breach of Contract)

1.      United entered into a contract with Plaintiff whereby Plaintiff was to acquire a valid Part 121 certificate and a valid Part 135 certificate as soon as reasonably practicable.

2.      Plaintiff breached its contract obligations to United by its failure to acquire a valid Part 121 certificate and a valid Part 135 certificate as soon as reasonably practicable.

3.      As a result of Plaintiff's breach, United has been damaged in an amount to be determined at trial.

United reserves the right to assert additional counterclaims to the extent that further investigation or discovery reveals other wrongful conduct by Plaintiff, including possible misrepresentations by Plaintiff to United and/or third parties.

WHEREFORE, United seeks judgment against Plaintiff and in its favor, in an amount to be proven at trial, and for such other and further relief as this Court deems proper under the circumstances.

### JURY DEMAND

United requests a jury trial on all issues so triable.

DATED this 12th day of August, 2002.

Respectfully submitted,

By:   _____

Lisa Hogan
Mark T. Barnes
BROWNSTEIN HYATT & FARBER, P.C.
410 Seventeenth Street, 22nd Floor
Denver, CO  80202
(303) 223-1100

ATTORNEYS FOR
UNITED AIR LINES, INC.,
d/b/a UNITED BIZ JET HOLDINGS,
BIZ JET CHARTER, INC., AND
BIZ JET SERVICES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of August, 2002, a true and correct copy of the above and foregoing **UNITED'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM** was deposited in the U.S. Mail, postage prepaid and properly addressed to:

Paula M. Ray, Esq.
Ray & Westfall, LLC
1801 Broadway, Suite 1100
Denver, CO  80202-3839


_____

K J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 01-K-2313 (CBS)

2002 SEP 24

JAMES R. MANSPEAKER
CLERK

GLN COMPLIANCE, INC.,

BY_____DEP. CLK

      Plaintiff,

v.

UNITED AIRLINES, INC, d/b/a UNITED BIZ JET HOLDINGS, BIZ JET CHARTERS, INC., AND BIZ JET SERVICES, INC., and JONATHAN ROSS,

      Defendants.

---

## ANSWER TO COUNTERCLAIM

---

      Plaintiff, by counsel, for its Answer to the Counterclaim filed by United Air Lines

states:

08CV1793
JUDGE MORAN
MAGISTRATE JUDGE ASHMAN

    1.     Admit.

    2.     Deny.

    3.     Deny.

      Plaintiff requests its attorney's fees and costs in defending said counterclaim, and

such further relief as the Court deems equitable in the premises.

DATED this ~~24th~~ day of September, 2002.
*24th*

        Respectfully submitted,

        RAY & WESTFALL, LLC


        Paula M. Ray
        RAY & WESTFALL, LLC
        1801 Broadway, Suite 1100
        Denver, CO 80202
        Telephone: 303.292.0110
        Facsimile: 303.292.0522


## CERTIFICATE OF SERVICE

*24th*

I hereby certify that on this ~~24th~~ day of September, 2002, I served a copy of the foregoing by HAND DELIVERY on:

Lisa Hogan, Esq.
Mark Barnes, Esq.
Scott A. Sundstrom, Esq.
BROWNSTEIN HYATT & FARBER, P.C.
410 Seventeenth Street, 22nd Floor
Denver, CO 80202


        Law Offices of Ray & Westfall, LLC

-2-